Mr. Goss's appeal presents a question of law to this court concerning whether or not the Veterans Court had jurisdiction over his appeal of a board decision which exceeded its jurisdiction. There is no dispute that the board exceeded its jurisdiction on one of two issues before the board. Mr. Goss directs this court's attention. Well, let me just ask. In terms of exceeding the jurisdiction, you agree that the board would have had the authority under the statute to review a decision if a decision had been made by the secretary or, in this case, the VA or the OGC? Oh, yes. On the issue of reasonableness? Right. Oh, yes, sure. Okay. So the board would have had the authority to review a decision ultimately. Right. But you're saying they didn't because that predicate didn't happen. Well, because there's a regulatory procedure in which either the Office of the General Counsel or the Veteran can make a request in writing within 120 days of the final action of the VA. Well, we do agree, right, that the Veteran did make a request in writing within 120 days, don't we? Well, for a notice of appeal, Your Honor, on the issue decided by the board which was limited to the question of eligibility or, excuse me, by the VA on the issue of eligibility. It's your view that the Veteran did not ask for reasonableness determination? That is correct, Your Honor. And that's part of what was the basis for the ---- What about on page 212 of the appendix? Do you have that handy? I do. The title of the document is Attorney Fees Are Not Authorized. And then in the document, Mr. Casey in his handwritten note, which was accepted by the VA, his note is dated October 5th of 2011, which was within 120 days. And it was dated by the VA October 21st of 2011, which was still within 120 days. But in this note, he says, Attorney Bass was fired after only a few months because of poor performance. I did not have any forms signed in the right place. He never met with me to discuss my case. I let him go. I do not agree to this payment of $18,000 because he never performed any work on my case for me. But, Your Honor, the ---- Doesn't that feel right? I mean, you usually represent the Veterans in here, Mr. Carpenter. Wouldn't you normally be standing here telling me, look, how could they not interpret this in a liberal way, as they're supposed to with, per se, Veterans, to amount to a dispute over reasonableness? Because there is a separate statutory and regulatory procedure for seeking review for reasonableness. What is that separate? Can you show me that? Where is that? The regulatory provision is at 38 CFR 14-636-i. Okay. And is that the part where it says ---- That is the 120-day limitation, Your Honor. Okay. But that little piece of paper was within 120 days. But it was not submitted as required by the regulation to the Office of the General Counsel at the Office of the General Counsel. Let me ask a stupid question. Again, what I love about you is you're usually here representing the Veterans. So I know you're going to be cautious here because the last thing you want to do is make it much harder for Veterans, while you nonetheless have to, you know, zealously defend your current client. I get that. But where, if at all, was there a notice to this Veteran that he had a right to appeal this? There's no doubt this letter constitutes a valid appeal in my mind. But your point is well taken, that it wasn't filed in the exactly right place. It was timely filed with the VA, but not with the Office of General Counsel. How would a Veteran know that they're supposed to file this letter not with the VA, which is what he did, but with the VA's Office of General Counsel in particular? I am usually 100 percent on your side in terms of notice to Veterans, right, and duties to assist, and all of that. So did the government fail this Veteran here, or was he told at some point, because I can't find it in the record, was he told or informed what the proper process part of this should have been? Well, Your Honor, I'm not sure I can entirely answer that question. I can offer some speculation as to what might have happened. But I will tell this Court that this entire proceeding, which was before the Board, was predicated only on an appeal of the eligibility or the correctness of the VA's decision that Mr. Goss was entitled to the fee, which the VA decided he was entitled to be paid. With that as the background of this particular case. When did the VA decide he was entitled to be paid that fee? I will tell you. Wait, let me just say. I am concerned, much like you've argued, that this case is in fact not moot, just so you know. I have a legitimate concern that this case may not be moot, and that Mr. Goss may well be continuing to live in a scenario in which, at some point, the hammer could drop, and that he has a right to have some resolution. So, I mean, this is where I'm coming from. And, you know, I tell you where I am all the time. So this is where I'm coming from. So the question is, where is it that you believe in this record they told Mr. Goss, as you suggested, that about this they made a determination, the Secretary made a determination that he was entitled to that fee? I believe it's in the appendix at pages 217 to 218. And the VA uses an unusual format that's not the same format that they use for normal rating decisions, but this was the decision which informed Mr. Casey that Mr. Goss had a valid fee agreement that was properly filed, and that the $18,000-plus was withheld, and that if he disagreed with that decision, he could file a notice of disagreement. Okay, so I agree. And this is dated September 30th of 2011. And what it says is, in closed form VA 4107C, your rights to appeal, explains your right to appeal. Unfortunately, that wasn't attached, and I don't have any clue what that looks like. It's simply a standardized form that explains to the veteran that they have the right to file an appeal, and because this is a – With whom? With whom? With the regional office. And that's what he did. That's that letter I was pointing you to in 212.  You don't file a notice of disagreement under 14636. You file a request for review for reasonableness. Now, had that document been sent to the OGC, then the OGC would have been required, under that regulation, to review whether or not the fee was reasonable. Are there any general sort of forms or websites that tell the veteran to actually interact with OGC on these issues? I know that the OGC has a website, or the VA has a website, in which the rights of veterans to obtain this kind of review are posted on the website. But other than the website, I do not believe there is any – what would be the right word? Pro forma notice that is sent out as the notice was sent out to this decision on the disposition on the entitlement to the fee. Do you think a determination on reasonableness has been made? I'm sorry? Do you think a determination on reasonableness has been made? No. No, no. The regulation is fairly clear that some action needs to be initiated by either the claimant or the Office of the General Counsel. Neither of those two things happened, so no one was on any notice until the board, in the decision on appeal to the Veterans Court, decided that they were going to sua sponte, go to that issue. Well, hold on. I'm a little confused. So you said – I'm a little confused because you said no one was on notice, but what about that page 212 I just told you about? Clearly, that looks like Mr. Goss complaining about the reasonableness of the fee. Mr. Casey. Casey, sorry. That's all right. That's all right. It most certainly does, Your Honor. And clearly, if I were not representing Mr. Goss and I were representing Mr. Casey – I know. I kind of wish you were. I would be making that kind of argument. But the problem was is that Mr. Casey chose not to be represented and filed this appeal. It went to the board, and there was no one there, to be perfectly candid, to advocate for him to say, look, this is what I filed, and it should have been accepted. Now, I'm not sure that the board would have the authority to have accepted it. What is the specific relief you are seeking for Mr. Goss here? For this court to reverse the decision made by the Veterans Court that it lacked jurisdiction and remand with instructions to the Veterans Court to reverse, not dismiss, reverse the board's decision that exceeded its jurisdiction and modify the decision of the board to deny Mr. Casey's appeal.  That was a lot of mouthful for me, and I didn't get it exactly. So I'm going to ask you to restate it. But first, let me just say, is the underlying concern here that Mr. Goss has that somebody, at some point, this is not over, and that somebody at some point is going to try to claw this money back from him? Is that the underlying concern that motivates his being here today? Well, that is one of his concerns. His other concern is that he, under 5105 A, is brought into Mr. Casey's appeal, involuntarily. He has to participate in that to defend the award of fees that were made to him. As a consequence, this case has lingered for many years now, and the final disposition was that the board exceeded its jurisdiction. He appeals to court. And so wait, so you don't think the board exceeded its jurisdiction, or you do? Oh, I do, Your Honor. Most certainly. The board exceeded its jurisdiction. By addressing a matter that was not in the notice of appeal that was filed on the question of eligibility. The only matter within the board's jurisdiction, under 7104, was the appeal by Mr. Casey of whether or not Mr. Goss was entitled to a fee. Is that the document, A212, that is what delineates what was at issue on appeal, in your view? I'm sorry, Appendix 212, Your Honor? Yes. That's that handwritten thing. That's the handwritten note. Oh, yes, yes. And that was a notice of disagreement with the fee decision that precedes it. I lost the page, Your Honor. I'm sorry. 217. 217. So 217 is the fee decision, and then you understand that 212 is basically a notice of disagreement with that decision, and so do you think that the board had an obligation to review this notice of disagreement, though, but you think that they, what, exceeded their authority to the extent they breached the reasonableness issue? Yes. And how is the reasonableness issue not subsumed within the eligibility determination? Because it is a separate statutory and regulatory provision. Congress provided by statute, I believe it's 5905, to require or to permit a claimant or the secretary to seek review of the reasonableness of the fee sought in a fee agreement. That statutory authority, it was then codified by the secretary, and instead of the secretary assuming those responsibilities concurrent with the determination of eligibility, he appointed his general counsel to act in a proceeding that is outlined in 14636I. Now, the statute from 2006 to 2017, I think that said it gave concurrent jurisdiction to the board to make reasonableness determinations, right? Give me those years again, Your Honor. I thought it was 2006 to 2017. Gave the board concurrent jurisdiction. I don't believe that's correct, Your Honor, but I'm sorry, I don't recall the precise effective date of the statutory change. You said earlier that Mr. Gross was going to have to participate in Mr. Case's appeal regarding the fees. Could you elaborate on that a little bit? Yes, Your Honor. There is a case before this court that I lost by the name of Mason, and in Mason this court affirmed the statutory provision under 38 U.S.C. 7105 A in which the secretary interpreted that regulation to include attorneys. That statutory provision is for simultaneously contested claims in which there are two claimants seeking the same benefit. In Mason, this court affirmed that interpretation of the statute, which then requires that when, as here, a veteran initiates an appeal on a favorable fee decision, that the attorney must participate as a co-claimant. He is recognized as a simultaneously contested claimant. So he is a co-claimant in another case? Or he's a co-claimant in a different case? In the appeal that Mr. Casey brought to the board on the sole issue of the eligibility to charge the fee that was granted by the VA. And, Your Honor, to be perfectly candid with you, part of why I tried to litigate these issues is that this is a nightmare of a statutory and regulatory scheme in which no party, appellant or claimant, knows, understands precisely what's going on because they've created two separate roadways. Upon that, we agree. And I simply have a client who took a valid appeal under 7104, or excuse me, under 7252. And under 7266, he was adversely affected by the board having exceeded its jurisdiction. Do you have a citation for us, joint appendix site or otherwise, that shows he's a co-claimant? Only that statutory provision, which is at 7105 capital A and is referred to in our briefs. But you have nothing else you can point us to to show that he is currently a co-claimant? Like, I'm just looking for something. Oh, I see. I see what you're saying. Well, if you look at appendix 28, the case is titled, this is the board's decision. I'm sorry, that's the board's decision from 2020. In the matter of the fee agreement of Robert Goss, in the claim of John Casey. And therefore, there are two simultaneously contested claimants under 7105. Now, in my view, this is a very deceptive way of explaining or to, not explaining, but communicating that there are two claimants in this matter. But I am saying that by framing the caption of the case before the board in that fashion, they are complying with the requirements of 7105 capital A, which was affirmed by this court in its Mason version. Okay, let's save some time for rebuttal. Let's hear from the government. Good morning, your honors. May it please the court. This Court should dismiss this appeal on mutinous grounds because the Veterans Court vacated the only portion of the board decision adverse to Mr. Goss. In the alternative, this Court should affirm the Veterans Court decision. On the first point. What is your view on whether there's a reasonableness determination in this case? Well, there was at the board, but they were acting outside their jurisdiction. So there is. But there's otherwise. So since that has been vacated right now, is there a reasonableness determination in this case? No, your honor. And Mr. Goss. No one has ever decided reasonableness. That's right, your honor. So did you look at page 212? I did, yes, your honor. Doesn't it look like this veteran is challenging the reasonableness of the fee award? Well. You're hedging? Why are you hedging? Certainly at the time. There are going to be things that you're going to have to admit in court because you're an officer of the court, even though you don't want to. But remember, you're an officer of the court. So why are you hedging? How in what universe is that document not a challenge to the reasonableness of the fee award? Well, certainly I think if I could pull it up. Sure. I know there's language that she didn't deserve the award, I believe, I think is what the language was. So you would have the pro se veteran have to use the word reasonableness? Well, I. Pull it up. It's here, your honor, on page 212. Okay. And I do believe there was language. If you just allow me one moment. Absolutely. He never met with me to discuss my case. He never performed any work for me on my case. And the title of the document is, these attorney's fees are not authorized. Right. So I think your honor's correct. You know, standing here today does look like this could be construed as a challenge to the reasonableness. How would you construe it? I would construe it as a challenge to the reasonableness determination. And don't you have an obligation to liberally construe, this is a handwritten note by a veteran. Right, your honor. So the VA has not construed this, as your honor knows, as a reasonableness challenge. And Mr. Casey hasn't pressed his rights. He was aware of the proceedings at the board. He was aware of the proceedings at the veterans court. He chose not to intervene. And at no point. Why do you say the board didn't construe this as a reasonableness challenge? Well, I'm not sure. The board asked the VA repeatedly to determine reasonableness. I'm sorry, your honor? Didn't the board repeatedly ask the VA to determine reasonableness? I don't recall that being a request made by the board. I think the parties were in agreement that this did not originate from the VA OGC, as the regulations require. And accordingly, the board was without jurisdiction to decide the issue of reasonableness. Okay, hold on for a sec here. Hey Liz, where's the first time that the board asked the VA to determine reasonableness, please? At appendix page 142. Thank you. Let's turn to appendix page 142.  So, I will note that this is one of the very next documents that followed the page 212 handwritten note in which Mr. Casey wrote what you and I just agreed we would have both construed as a challenge to reasonableness. And so on page 142, what does the board in paragraph 2 expressly ask the VA to do? I'm waiting for you to tell me. You don't have to read the whole thing out loud. You can just tell me what you understand in that paragraph to me. Thank you, your honor. Just give me one moment, please. It appears that the board is asking for an itemized account for reasonable attorney's fees and expenses. Why do you think they might have done that if they weren't trying to assess the reasonableness? Answer my question. What other purpose could there be for that paragraph other than the fact that the board understood page 212 to be questioning reasonableness and so now they're pushing it back and they're telling the VA you have to get and they even use the word reasonable, right? An itemized list from this attorney to see if these fees are reasonable. Right. Okay, so what do you think happened in response to this request? I don't know, your honor. Actually, you do know because the board told us. What page says? Appendix 118.  So on this, this is back from the VA. They say basically, unless I'm mistaken, that they ordered Mr. Goss to produce stuff and he presented nothing. That's also at page 837 of the board's opinion. Yeah, on page 837. I want to look at that. Page 837 of the board's opinion is a nice place to look because it's where they told, they tell us, because I was going to walk you through and Judge Stoll just jumped us to the punchline, which was very kind of her because what it explains on page 37 is that this little back and forth occurred three separate times. There were three separate instances in which the VA demanded that this attorney produce evidence of the reasonableness of his fee amount and what the board found ultimately is that their request in 2016 and 2017 and later in 2017, the attorney simply refused to produce any such evidence. So why isn't Mr. Goss correct? I asked Mr. Carpenter whether he's concerned that there continues to exist an unadjudicated question in this case about whether Mr. Goss is entitled to keep that fee award. Why isn't he correct that this case is not moot because there does continue to exist an unadjudicated question? I understand from you that your answer to me is because the government has stuck its hands in its pocket and turned its back on everybody and just isn't doing anything about it. And so your answer is Mr. Goss should go away and stop worrying that the government is going to claw the fee back from him because the government has decided to take no action whatsoever. Is that your answer? Is that why this case is moot? No, Your Honor. I think there's a long line of mootness cases that say that some possible future event isn't sufficient to make a case suitable for judicial review until that event happens. Because at this point, Your Honor, nobody is challenging the reasonableness determination. There is no determination. No one is challenging the reasonableness of the fee. Nobody is challenging the eligibility, whether or not Mr. Goss or Mr. Casey. Why is that? Why is nobody challenging it? Mr. Goss, Mr. Casey did. On page 212, he challenged it. The board understood it to be a challenge. The board told the VA three times to act on it. Only in frustration after the VA refused to act did the board issue its prior opinion. Well, certainly one of two things could happen, Your Honor. Mr. Casey could go to the OGC and say this was a reason. How was he supposed to know that? What document did you all give this veteran that lets him know where his proper route of appeal is? So at the time in 2011, I'm not sure that there was that kind of notice that Your Honor asked about. Now there is, but of course that wouldn't have helped Mr. Casey in 2011. But certainly Mr. Casey was familiar with the board proceeding. He was also familiar with the Veterans Court proceeding. He chose not to intervene. And so he is within his rights. Well, I mean, is it possible the poor man gave up? I mean, I surely would. At what point do you just give up and say, okay, I filed my documents. Even the government asked the VA three times to do something, and they refused to do it. Well, unfortunately, we just don't know his side of the story because he's decided not to intervene at these different states. But you know what side of the story we do know? The government side. And the government sucks in this case. You have completely failed Mr. Casey and Mr. Goss because you failed to do your job. Well, Mr. Goss has the money, so. Oh, so Mr. Goss has the money, so he's all good? Why is he here in court then today? He's here in court because he's worried that this case is a moot and he's worried that someone's going to claw the money back from him. And our response, Your Honor, would be that worry is insufficient to establish jurisdiction at this time. Until there is a tangible threat to his rights, the case is not ready for judicial review. Certainly, Your Honor, Mr. Casey could, within 120 days of the conclusion of this case, file a reasonableness challenge. What is your response to the claim that is made by opposing counsel that Mr. Goss is subject as a co-claimant? I think he pointed us to appendix page 28 to support that. Right. They're going after the same pot of money, specifically the attorney's fees. But I don't read that to be some sort of impact on Mr. Goss's rights. They both appeared at the board. They both had the opportunity to appear at the veterans' court, and Mr. Casey chose not to do so. So their status as a co-claimant I don't believe has any bearing on this case. Am I right in understanding that right before you answered Judge Cunningham's question, you said within 120 days of the resolution of this case, Mr. Casey could come in and file a request either with OGC or with the secretary and file some sort of thing saying that this wasn't a reasonable fee? Yes, Your Honor. Or the VA on its own motion could make that motion as well. Why didn't they? Why didn't they? You represent the government. Why didn't either the VA or OGC at any point in this process could independently determine to undertake an assessment of reasonableness? Why didn't they? Throughout the course, they interpreted his challenge as an eligibility challenge, Your Honor. Even though you and I both read it and neither of us can, with any kind of straight face, say it's not a challenge to reasonableness. Again, I understand that they were waiting for the eligibility piece to play out. All right, so let me direct you to one last thing here. So you're telling me that there was no reasonableness determination that was ever made in this case by the secretary or OGC, correct? Yes, Your Honor. Okay. Let's turn to the statute, 5904. Do you have it in front of you? If you give me one moment, I'll have it up. Absolutely. And this is the statute that Stoll asked Mr. Carpenter about. The version that existed in 2006 and continued to exist all the way in 2017 allowed for parallel tracks. Either the secretary or the board could pursue reasonableness. Is that correct? I – what were those years, Your Honor? 2006 to 2017. The version of the statute in place at that time allowed either the secretary or the board to undertake a reasonableness assessment. Is that correct? Yes, Your Honor. And I believe it had to originate, though, in the first instance from the Office of the General Counsel. No, not the original. I'm talking about the original statute, not the current statute. The original statute doesn't say anything about the General Counsel, right? The 2006 to 2017 version of 5904 says the board can, on its own motion or at the request of either party, review a fee agreement and order a reduction in the fee called for if the board finds the fee excessive or unreasonable. So that is independent. Then there's a separate section. The secretary may, on its own motion, do the same thing. So you have – weren't there originally two different provisions that gave the board the authority to do it, not something that originated in OGC, but of its own accord, and the secretary the authority to do it on its own accord? Either one could have. I'm not familiar with that version of the statute, Your Honor. I do have the statute in front of me. Which one do you have? What version is it? I assume I paralegal printed out the – Let's see, Your Honor. Come on over, Matt. I'm going to give you my copy for a sec so you can look at it here. This is my copy of the statute. It says the effective date of 2006, and you'll just take my word for it that it went through 2017. You can just turn to where I have the flag and the highlighting, and you should be able to see that there are two different provisions, one of which allows a direct review by the board, and the second one underneath it, which allows for a direct review alternatively by the secretary. It's C-2 is the one that allows the board to make the determination. May I share this with the co-counsel, Your Honor? Of course. Absolutely. We'll just take a minute and confer. Go ahead. And by the way, just so you know, you're the ones that cited this to me in your brief at footnote number two, until I found out about it. So I kind of think you should have come to argument prepared for this. Yes, Your Honor. Might be footnote three. I'm thinking it's footnote two. Might be footnote three. All right. It's footnote two. I was right the first time. All right. Thank you. Yeah, Your Honor, I apologize. I'm not. I mean, do you see in that document you have in front of you? I don't have it in front of me anymore, but it's okay. I don't need it. Do you see in that document that there seem to be two alternative paths for challenging reasonableness? Path number one is secretary and then ultimately appeal to the board, and path number two is board directly. Yes, Your Honor. I do see that in subsection two and 3A. And so just if you accept this premise, which I think is correct, but certainly I'll verify that that is the version of the statute that existed between 2006 and 2017, what version do you think governs this case? Because there's no doubt that current 5904 no longer has that board-related provision in it. It doesn't. It used to, but it doesn't. Right. And this one became effective after that one. That was through 2017. The actions that took place in this case, the board decision didn't occur until 2020, I think. That's right. 2020. Which version of the statute do you think applies? Because the veterans thing was actually filed in 2011. His reasonableness challenge, as you and I interpreted it, was filed in 2011 with the VA. So you see where I'm going. I'm trying to figure out which of these two, one path, in one of the statutes, he had a right to go to the board and get a resolution by the board. In the new statute, he does not have a right to go directly to the board and get a resolution by the board. Which one of those two do you think covers this case, given what you know about the facts and the timeline? Well, of course, my inclination is to go with the one that doesn't have this dual track, because that's been my impression due today, Your Honor. No, you can't pick which one applies based on what you want to have apply. Right. Which one do you think applies for legal reasons? I don't know, Your Honor. Unfortunately, it wasn't an issue I looked into in preparation, and I regret that. But I'm not sure which one would apply for today's. My understanding is Mr. Goss and the government both agreed that the board was without jurisdiction because it didn't arrive through the board. Is something like jurisdiction something the parties can agree to? No, Your Honor. That's right. They can't agree to that. We have to figure that out. I would need to look closer at this statute and the rules that would apply at the time. Okay. Well, let me ask you one more. Here. Mike, will you give me that back, because I want my statute back. Thanks. Let me ask you just one more question related to the current version that applies. Okay. The current version, 5904, you have that one. Yes, Your Honor. I have it in front of me. And 3A, which is the one that says the Secretary may, on its own motion or at the request of the client network, review a P agreement for reasonableness, right? You see that? Yes, Your Honor. And then the 3AB is, and that finding could then be appealed to the board, correct? Yes, Your Honor. All right. Now, this is a statute. This is what Congress says can happen and how it can happen. All right. And they took out, to be clear, the portion where you're allowed to go straight to the board. Because the same 3A and 3B here is verbatim in the earlier version I gave you. There was just a whole other provision that allowed you to go straight to the board without having to go through the Secretary. So I agree. This is what exists now. But let me just pull you down to C4, for number four. Do you see number four on the same page, just a little further down? Yes, Your Honor. What kind of fee is the Secretary authorized to pay out by statute? A reasonable fee? Yes, that's the one. So if a Secretary, according to Congress, is only allowed to award a reasonable fee, how can you tell me that there was no reasonableness determination in this case? Let me just tell you. Nine times out of ten, you're sitting here and Mr. Carpenter is in a very different position. And you're telling me the board implicitly made a decision or the Secretary implicitly made a decision, even though they didn't expressly use the magic words. I'm supposed to always assume, right? Isn't that what you all normally tell me? I should assume that you all made the decision that you're required by law to make, even if you don't state it. Right, Your Honor. You're right that the VA has paid the fee. And what? Can you pay an unreasonable fee by statute? Are you allowed to pay an unreasonable fee by Congress's statute? No, Your Honor. So you had to have made a decision about reasonableness, didn't you? Yes, Your Honor. And Mr. Casey, they have not understood Mr. Casey's notice of disagreement to be a challenge of that reasonableness determination. And under the statute, it would have to go first to the Office of the General Counsel, which didn't happen in this case, Your Honor. So our position is that the board was without jurisdiction to consider that reasonableness determination. So now has your position changed? Your position was that the VA never made a reasonableness determination in this case. That's what you stood up here and told us. Is your position now that they did make a reasonableness determination? Well, under- Can you imagine why we should vacate and remand this case in light of the argument you've just delivered? Well, certainly, that's what Mr. Goss requests, and that's one avenue this Court could go down. But the regulations provide that the VA can on its own motion or through the motion of a claimant. And so I- Can the regulations take over the statute, have more weight than the statute? No, Your Honor. I guess my only concern about this subsection 4 as I look at it now would mean that any time a fee is paid, that would automatically mean that a fee reasonableness determination has been made. Why would that be a bad thing? Well, the statute says that it must go through the office. I challenge specifically the fee reasonableness- The statute says- Oh, I'm sorry. The regulation says that- But again, why does the regulation get to trump the statute? Well, of course, Your Honor, the statute would- Counsel, you're not even right about the reg. The reg actually lays out quite clearly two ways reasonableness can be assessed. The first is a presumption. And you know what? In 99.9% of all the veterans' cases, that presumption is going to govern, because the presumption is the fee is reasonable so long as it's capped at 20%, no higher, and the attorney has remained involved in the case through the award of benefits. And that is the case in almost every instance. It is the anomalous case, at least that I see, in which there's a withdrawal of the attorney before the conclusion of the proceeding that awards the veteran's benefits. But that's okay, because you know what your reg did? It went through and created a nine-factor test that the secretary can use to assess reasonableness in those very small number of cases where the attorney withdraws prior to the award of benefits that has done work for which he or she is deserving of compensation. And the secretary laid it out very carefully. Of course, Your Honor, the statute would trump the regulation. But here the problem is. So do you think it's possible for the government to pay out fees without having made a reasonableness determination? I guess, Your Honor, that's another issue that I hadn't prepared. Look at the statute. You're an attorney. Is it possible for the government to pay out fees without making a reasonableness determination? So I do see the language in Section 4, Your Honor. But I would need to look into it closer and discuss those sorts of more policy-wide considerations with my client first. What does the policy-wide considerations have to do with a congressional statute? This statute doesn't authorize you to ignore the statutory language? No, Your Honor. Of course, I think as we discussed, there has been a regulatory scheme set up that. That determines what is and is not reasonable, correct? That allows certain pathways to be pursued to make a reasonableness challenge. I don't see anything in the statute that allows the secretary, and show me if I'm wrong, to award benefits absent a reasonableness determination. I just see lots of ways that reasonable determination can be made. Am I incorrect? Is there something in the regulation that allows the VA to go ahead and award fees absent a determination of reasonableness? No, Your Honor, I don't believe so. So that means if they awarded fees here, we have both a regulation and a statute that says they had to, as a predicate matter, have determined reasonableness. Yes, Your Honor, that appears to be so. All right. Is there anything else you want to add? Nothing further, Your Honor. Thank you very much. Absolutely. Mr. Carpenter, you have some time. I have been placed in some very uncomfortable positions by this court, and I think this may be the most uncomfortable. I, on behalf of my client, I would like to say that I do not agree with the statute. My position is that the disposition made by the Veterans Court was not made in accordance with law, and this court should recognize that and reverse that decision and overturn the decision. You're not going to get a reversal. You know that already. But you might get a vacate and remand, and then you can figure it out. Well, with all due respect, Your Honor, that's really the Pandora's box that I'm concerned is being opened here. We are nearly to the 15th year of litigation in this matter. And I, as an advocate on behalf of Veterans Court, You walked. Do you have any issues with the questions I asked the government? Do you have any concerns that either he mistakenly answered them, or do you have problems with the questions? Is there anything that you saw in that exchange that you would like to offer as an officer of this court and probably the most highly qualified veterans advocate in the nation? Do you have anything that you would like to say that would suggest that perhaps the direction I was taking this case is mistaken from a legal standpoint? It is not, and I do not. If there's anything further you'd like to add, we're happy to hear it. I'm on a slippery slope, Your Honor, and I'm going to get off. Thank you, Mr. Carpenter. This case is taken under submission.